**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14063

Non-Argument Calendar

_____

JONATHAN HARRINGTON,

*Plaintiff-Appellant,*

*versus*

VERITEXT, LLC.,

*Defendant-Appellee,*

FLORIDA BOARD OF BAR EXAMINERS,

*Defendant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-22787-KMM

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Jonathan Harrington sued Veritext, LLC, a company hired by the Florida Board of Bar Examiners (the Board) to transcribe a hearing on whether Harrington should be admitted to the bar. Harrington, proceeding *pro se*, filed an amended complaint alleging that Veritext produced a transcript of the hearing that was "a total fraud and a forgery." According to Harrington, Veritext altered the hearing transcript because it was "motivated by either bribery or by allegiance to the apartheid nation of Israel, which it views as more deserving of its loyalty than the United States of America, the State of Florida, the [Board], the Florida Supreme Court, and the rule of law." So, Harrington alleged, Veritext "cook[ed] up a transcript that is a complete fraud in retaliation against [him] for statements supportive of human rights in Israeli-occupied territory and critical of Israeli government [p]olicy." Harrington sought $500 million in damages.

Veritext moved to dismiss Harrington's complaint because it was entitled to absolute immunity under Florida's litigation privilege doctrine and because Harrington failed to state a claim. The magistrate judge agreed with both of Veritext's arguments and issued a report and recommendation (R&R) that recommended the district court dismiss Harrington's complaint with prejudice because Veritext's immunity would make further amendments to the complaint futile. Harrington objected to the R&R on various grounds, each of which the district court rejected before adopting the R&R in full and dismissing the case with prejudice.

Harrington appealed but made no argument that the district court erred in finding that Veritext was entitled to absolute immunity. Accordingly, Harrington abandoned any such challenge. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)). Thus, we affirm the district court's dismissal with prejudice because Harrington has abandoned any challenge to an independent basis for the dismissal.[1] *See Sapuppo*, 739 F.3d at 680 ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince [this Court] that every stated ground for the judgment against him is incorrect.").

**AFFIRMED.**

---

[1] All Harrington argues is that the district court improperly applied a clear error standard of review when it was required to review the R&R *de novo*. Harrington's argument fails because the district court only invoked the clear error standard of review in its adoption of the R&R's conclusion that Harrington failed to state a claim, not when reviewing the R&R's immunity analysis.